IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VONERIC MILLER, AIS # 258146,  :

    Plaintiff,                      :

vs.                                :   CIVIL ACTION 17-0331-CG-M

JUDGE JOHNSTONE, *et al.*,   :

    Defendants.               :

## REPORT AND RECOMMENDATION

Plaintiff VonEric Miller, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983.[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that this action be dismissed without prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. §

---

[1] Miller paid $350.00 toward the $400.00 filing fee required of persons who are not proceeding *in forma pauperis*. If Miller had sought leave to proceed *in forma pauperis*, he would be required to pay a $350.00 filing fee to the Court over time. 28 U.S.C. § 1915(b)(1). Because Miller did not pay the entire $400.00 filing fee, *see* 28 U.S.C. § 1914 & *Jud. Conf. Sch. of Fees, No. 14,* the Court is treating this action as an *in forma pauperis* action. Regardless of whether Miller paid the full $400.00 filing fee or is proceeding *in forma pauperis*, his complaint is subject to screening and possible dismissal before service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(*in forma pauperis* screening provision); 28 U.S.C. § 1915A(b)(providing for the screening of prisoner complaints seeking redress from a governmental entity or its officers or employees regardless of payment of the filing fee). *Thompson v. Hicks,* 213 F. App'x 939, 942 (11th Cir.), *cert. denied,* 552 U.S. 994 (2007); *Martin v. Scott,* 156 F.3d 578, 580 (5th Cir.), *cert. denied,* 527 U.S. 401(1999).

1915A(b)(1).

I. Complaint. (Doc. 1).

   A. Jurisdictional Basis.

   Initially, the Court notes that Miller's complaint is not on this Court's complaint form for a § 1983 action, as required by General Local Rule 84, but on another form. Nonetheless, the Court will address Miller's complaint.

   Miller identifies the jurisdictional basis of his action as federal question jurisdiction, in that his claims arise from the Sixth, Eighth, Thirteenth, and Fourteenth Amendments. (*Id.* at 8-9). Even though Miller identifies these amendments as being at issue, no independent implied cause of action under them exists "[w]here federal statutes provide a remedy to redress alleged constitutional violations[.]" *American Gen. Life Ins. & Accident Ins. Co. v. Ward,* 509 F. Supp.2d 1324, 1334 (N.D. Ga. 2007). Because Congress provided an adequate remedial scheme under § 1983 for enforcing deprivations of constitutional rights by state actors, "a judicially created cause of action directly under the Constitution" will not be implied. *GeorgiaCarry.Org, Inc. v. Georgia,* 687 F.3d 1244, 1253 n.15 (11th Cir.), *cert. denied,* 568 U.S. 1088 (2013); *Williams v. Bennett,* 689 F.2d 1370, 1390 (11th Cir.), *cert. denied,* 464 U.S. 932 (1983). Therefore, the claims against state actors, which most

Defendants are, will be addressed under 42 U.S.C. § 1983. On the other hand, a claim against a person who acts under color of federal law will be addressed under the rationale of *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), which is deemed, for the most part, a counterpart to § 1983, providing for the application of the same law as § 1983, but allowing claims to proceed directly under the Constitution in certain instances.[2] *Id.; Wilson v. Blankenship,* 163 F.3d 1284, 1288 (11th Cir. 1998).

B. Brief Synopsis of Complaint.

---

[2] Only one defendant, FCI Beaumont, appears to be a federal entity. The naming of this federal prison as a Defendant is not proper because it is like suing the United States. *Marsden v. Federal Bureau of Prisons,* 856 F. Supp. 832, 835 (S.D.N.Y 1994) (dismissing FCI Danbury). Similarly, the naming of jails operated by a city or county and prisons operated by the Alabama Department of Corrections is not proper. They are merely the policing/correctional arm of the city, county, or state without a separate legal existence and are incapable of acting so as to accept service of process. *Russell v. Mobile Cty. Sheriff,* 2000 WL 1848470, at *2 (S.D. Ala. 2000) (unpublished) (finding the Mobile County Metro Jail is not a suable entity as it is operated by the sheriff's department, which is also not a suable entity under Alabama law); *Owens v. Scott Cty. Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003) (holding county jails are not amenable to suit); *Scott v. Alabama Dep't of Corrs.,* 2010 WL 500429, at *2 (S.D. Ala. 2010)(unpublished) (holding that Fountain Correctional Facility is not a suable entity and is also an arm of the state); *see Miller v. King,* 2007 WL 2164534, at *3 (S.D. Ga. 2007) (unpublished) (ruling that state prisons are not "persons" amenable to suit as they are arms of the state, which is not considered a suable "person" under § 1983); *see also Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989)(holding that under § 1983 action a State and its arms are not considered "persons"); *cf. Alabama v. Pugh,* 438 U.S. 781, 781, 98 S.Ct. 3057, 3057, 57 L.Ed.2d 1114 (1978) (holding the Eleventh Amendment "prohibits federal courts from entertaining suits by private parties against States and their agencies," namely, the State of Alabama and its agency, the Alabama Board of Corrections).

In this action, Miller contends that his convictions for first-degree robbery, which he received in Mobile County Circuit Court and for which he is serving a 99-year sentence of imprisonment, are invalid. (Doc. 1 at 11-13). The relief that he seeks is to have his 99-year sentence vacated and the charges of first-degree robbery "be completely removed from his record, clearing his name of all state charges." (*Id.* at 10).

C. Defendants to the Action.

Miller names the following entities and persons as Defendants, to-wit: (1) John Crow, Warden at Elmore Correctional Facility, Elmore, Alabama; (2) Jefferson County Jail, Beaumont, Texas; (3) Mobile County Jail; (4) Kilby Correctional Facility ("Kilby"); (5) Donaldson Correctional Facility ("Donaldson"); (6) Holman Correctional Facility ("Holman"); (7) Mobile County Circuit Court; (8) Federal Correctional Institute Beaumont Low ("FCI Beaumont"); (9) Mobile County Police Department; (10) Judge Johnstone; (11) Assistant District Attorney Lars Granade; and (14) the State of Alabama. (*Id.* at 2-7). In addition, Miller adds John Doe Defendants who are associated with Defendants (2), (5), (6), (7), (8), (9), and (14), above.[3] (*Id.*

---

[3] Miller does not describe the John Doe Defendants with sufficient specificity to serve them with process. *Cf. Dean v. Barber,* 951 F.2d 1210, 1215 (11th Cir. 1992) (identifying the defendant as the chief deputy was an adequate description for service). Inasmuch as fictitious party practice is not permitted in federal court, the John Does Defendants are not parties to this action. *Richardson v.*

4

at 2).

   D. <u>Complaint's Allegations.</u>

   The factual allegations of his claims are as follows. Miller alleges that at this time Defendant Warden Crow is illegally housing him against his will, without jurisdiction to do so, and is responsible for kidnapping him. (*Id.* at 11). Miller was initially incarcerated at Defendant FCI Beaumont on July 14, 2004. (*Id.* at 12). He remained at there until he was released on February 7, 2007 (*id.*), when John Does from the Jefferson County Police Department took him to Defendant Jefferson County Jail. (*Id.* at 11). They told him that he was being held for extradition to Alabama to face three, first-degree burglary charges, which had been filed on October 29, 2004. (*Id.* at 11-12). Miller had no knowledge of these charges and of his indictment due to Defendants State of Alabama, Mobile County Police Department, Mobile County Circuit Court and their John Does not notifying him and the John Does at Defendant FCI Beaumont, which resulted in him not being extradited in over two and half years. (*Id.* at 11, 13). From 2004 to 2007, he was not appointed counsel, not allowed to face his accuser, and not given an arraignment/initial appearance/preliminary hearing. (*Id.* at 11).

---

*Johnson,* 598 F.3d 734, 738 (11th Cir. 2010).

Miller maintains that John Does from Jefferson County Police Department and Defendant Jefferson County Jail kidnapped him because they had no jurisdiction to arrest him in the absence of Texas warrants or charges against him. (*Id.*). Miller was held against his will in Defendant Jefferson County Jail from February 7, 2007, to April 4, 2007. (*Id.* at 12).

Furthermore, when Miller did appear before Defendant Judge Johnstone, Defendant Johnstone refused to dismiss the three, first-degree robbery charges even though Defendant Johnstone knew that he was being held against his will and illegally and, therefore, was denied due process. (*Id.*). Defendant Assistant District Attorney Granade nevertheless continued to push for his conviction, even though Defendant Granade knew improper procedures were used. (*Id.*). Defendant Granade also lied to Defendant Johnstone saying that Miller was bouncing from prison to prison for two and half years and could not be found. (*Id.*). However, John Does of Defendants Mobile County Police Department and Mobile County Circuit Court knew where he was located on the day of his release from Defendant FCI Beaumont. (*Id.*). His attorney filed a motion to dismiss the indictments for denying him due process when these Defendants failed to inform him of the charges. (*Id.*). For whatever reason, Defendant Granade dropped one of the first-degree robbery charges (cc-2007-962) in

2008. (*Id.* at 13).

When Miller received his 99-year sentence of imprisonment on the first, first-degree robbery conviction, he was transferred from Defendant Mobile County Metro Jail to Defendant Kilby, where he was housed illegally and against his will. (*Id.* at 13). John Does at Defendant Kilby classified him to a level six, maximum-security prison, which caused him to be taken to Defendant Donaldson to begin serving his sentence. (*Id.*). Subsequently, he was forcibly returned for his second trial, which resulted in him receiving his second, 99-year sentence. (*Id.*). From 2008 to 2010, John Does at Defendant Donaldson held him illegally and against his will. (*Id.*). When his request to be incarcerated closer to home was approved by John Does at Defendant Donaldson, he was taken by force to Defendant Holman, where he was illegally held against his will from 2010 to 2012. (*Id.*).

### E. Other Proceedings Concerning Miller's Criminal Convictions.

Previously, Miller filed a habeas petition in this Court, *Miller v. Patterson,* CA No. 12-0069-CG-N (S.D. Ala. 2013). In his habeas petition, he challenged his first-degree robbery conviction for robbing Subway and his resulting 99-year sentence. (Doc. 24 at 1). (The habeas proceeding indicated that he also had been charged in state court with robbing Cato's

7

and Winn Dixie and in federal court with robbing a credit union. (Doc. 24 at 1, at 2 n.1, at 4 — *see Miller v. USA,* Cr. No. 02-0127-CB-M (S.D. Ala. 2004))). The Subway robbery conviction's unsuccessful litigation history is recounted in the Report and Recommendation recommending the denial of his habeas petition. (*Id.* at 4-5, 16). The Report and Recommendation was adopted, his habeas petition was denied, and no appeal was taken. In addition, an examination of Alabama case law in Westlaw does not reflect a positive result for Miller with respect to his criminal convictions.

II. Standards of Review Under 28 U.S.C. § 1915A.

The Court is screening Miller's Complaint (Doc. 1) under 28 U.S.C. § 1915A, which provides:

> (a) Screening.—The court shall review, . . . , a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.—On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)&(b).

Under 28 U.S.C. § 1915A(b)(1), a claim may be dismissed as

"frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia,* the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Section 1915A(b)(1) also provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have

"license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal,* 556 U.S. 662 (2009).  Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  *Iqbal,* 556 U.S. at 681.  In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863 (1989).

III. <u>Analysis</u>.

    A. <u>The Unavailability of Habeas Relief in a § 1983 and *Bivens* Action</u>.

In the present action, Miller's request for relief is determinative of his action.  He requests that his 99-year sentence be vacated and his charges for first-degree robbery be completely removed from his record.  (Doc. 1 at 10).  If this relief were to be granted, it would cause Miller's release from incarceration.  So, in other words, Miller is asking to be released as well.  Thus, these declaratory and injunctive relief requests "are in the nature of habeas corpus claims — i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release[.]"  *Abella v. Rubino,* 63 F.3d

1063, 1066 (11th Cir. 1995) (a *Bivens* action). "[D]eclaratory or injunctive relief claims that challenge the validity of the claimant's conviction or sentence and seek release—are simply not cognizable under § 1983" and in a *Bivens* action. *Id.* Because such claims simply are not recognized under § 1983 or in a *Bivens* action, they are due to be dismissed. *Id.*

In *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Court held that even though the broad terms of § 1983 may appear to cover challenges to an underlying conviction and sentence, the specific habeas corpus statute enacted by Congress for the purpose of challenging the underlying conviction and sentence is the exclusive remedy. *Id.* at 489, 93 S.Ct. at 1836. A challenge that "goes directly to the constitutionality of . . . physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration" must be addressed in a habeas action. *Id.* Because the relief sought by Miller is unavailable in this action, this action is due to be dismissed without prejudice as frivolous for this reason alone.

B. <u>Application of *Heck v. Humphrey* and *Wilkinson v. Dotson*</u>.

In addition, the Court in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), "specifie[d] that a prisoner cannot use § 1983 to obtain damages where success would

necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." *Wilkinson v. Dotson,* 544 U.S. 74, 81, 125 S.Ct. 1242, 1248, 161 L.Ed.2d 253 (2005); *Abella,* 63 F.3d at 1065 (holding that *Heck* applies equally to a *Bivens* action). The *Heck* Court denied the existence of a § 1983 cause of action for damages that would invalidate a conviction or sentence that had not previously been invalidated. *Heck,* 512 U.S. at 487, 114 S.Ct. at 2372. Later, the *Wilkinson* Court announced that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." 544 U.S. at 81-82, 125 S.Ct. at 1248; *see Kapordelis v. Danzig,* 387 F. App'x 905, 907 (11th Cir.) (applying *Heck and Wilkinson* to a *Bivens* action), *cert. denied,* 562 U.S. 1250 (2011).

In the present action, Miller is challenging the constitutionality of his first-degree robbery convictions because the commencement of their underlying criminal proceedings was not timely. Success for Miller on such a claim would have the effect of rendering his convictions and sentences

invalid.[4]

Miller, however, has not shown that his convictions and sentences have been previously invalidated. Rather, the information shows, to the contrary, that they have not been invalidated. That is, he is still incarcerated pursuant to them, he was denied habeas corpus relief in this Court, and case law does not indicate that invalidation has occurred. Moreover, the Court cannot consider Miller's complaint as a habeas corpus petition because it would be a successive habeas petition with respect to his Subway robbery conviction, which this Court is without jurisdiction to review because Miller did not present an order from the Eleventh Circuit Court of Appeals granting authorization to this Court to consider his habeas claims. *Wells v. Attorney Gen., Fla.,* 470 F. App'x 754, 756 (11th Cir. 2012); *Pugh v. Smith,* 333 F. App'x 478, 480 (11th Cir. 2009).

Thus, at this time, Miller's claims in this action are due to be dismissed on alternate ground that they are barred by the decisions in *Heck* and *Wilkinson.*

IV. Conclusion.

Based upon the foregoing reasons (combined with Miller's pleading deficiencies), it is recommended that this action be dismissed without prejudice as frivolous, prior to service of

---

[4] A claim for a violation of his speedy trial rights was denied in his habeas petition in this Court. *Miller v. Patterson*, CA 12-0069-CG-N (S.D. Ala. 2013) (Doc. 24 at 10-15), *supra*).

process, pursuant to 28 U.S.C. § 1915A(b)(1). *See Cole v. Rich,* 626 F. App'x 220, 223 (11th Cir. 2015) (unpublished) (dismissing action without prejudice).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

14

specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 22nd day of August, 2017.

s/ BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
